IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEVIN B. LOCKHART,

    Petitioner,

v.                                         Civil Action No. 5:15CV24
                                                               (STAMP)
C. WILLIAMS,
FCI Gilmer Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING AND ADOPTING REPORT AND
## RECOMMENDATION OF MAGISTRATE JUDGE
## AND OVERRULING THE PETITIONER'S OBJECTIONS

I. Background

The pro se[1] petitioner filed his petition under 28 U.S.C. § 2241 ("§ 2241"). The petitioner was charged with conspiracy to possess with intent to distribute cocaine and attempted possession with intent to distribute cocaine in violation of 21 U.S.C. § 846. On October 8, 1998 in the United States District Court for the District of Rhode Island, the petitioner was sentenced to 360 months incarceration, followed by eight years of supervised release. The petitioner appealed his conviction, which was affirmed by the United States Court of Appeals for the First Circuit. In 2001, the petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255"),

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

which was denied.  In 2013, the petitioner attempted to attack his sentence again, but his motion was denied as a successive § 2255 motion.

At issue now is the petitioner's § 2241 petition.  In his petition, the petitioner attacks his conviction by claiming that he was wrongfully removed from the State of Rhode Island in violation of the Uniform Criminal Extradition Act and the Interstate Agreement on Detainers Act.  He contends that he is innocent, and that his prior § 2255 motions were inadequate or ineffective to test the legality of his detention.  For relief, the petitioner requests that this Court immediately release him.  The respondent filed a motion to dismiss, wherein he argues that the petitioner failed to both exhaust his administrative remedies and to state a claim upon which relief can be granted.  The petitioner filed a response, labeled as a reply, wherein he reasserts his arguments. The petitioner then filed a motion for summary judgment, wherein he reasserts his claims and provides numerous exhibits.  The respondent filed a response to the petitioner's motion, arguing that the petitioner attempted to exhaust his administrative remedies <u>after</u> he filed his petition.

United States Magistrate Judge James E. Seibert entered a report and recommendation, wherein he recommends that the petitioner's petition be dismissed with prejudice. The magistrate judge first points out that the petitioner is attacking his

conviction rather than the execution of his sentence. With that in mind, the magistrate judge believes that the exhaustion of his administrative remedies requirement applies, and that the petitioner has not done so. Further, the magistrate judge found that the "savings clause" under 28 U.S.C. § 2255(e) does not apply to the petitioner because a violation of 21 U.S.C. § 846 still remains a criminal act. For those reasons, the magistrate judge recommends that the respondent's motion to dismiss be granted and the petitioner's petition be dismissed with prejudice.

Following that report and recommendation, the petitioner filed objections. In his objections, the petitioner objects to the construction of his argument by the magistrate judge. The petitioner believes that he was unlawfully removed from Rhode Island, and when viewed in conjunction with his drug offenses, this forms the crux of why he is innocent. He then attempts to invoke elements of federalism and the Commerce Clause, which he contends entitle this Court to apply the "savings clause" to his petition.

For the reasons set forth below, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED, and the petitioner's objections are OVERRULED.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed

3

objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

III. <u>Discussion</u>

A. <u>Failure to Exhaust Administrative Remedies</u>

A § 2241 petition is used to challenge the "manner, location, or conditions of the execution of a prisoner's sentence." <u>Larue v. Adams</u>, 2006 WL 1674487, at *6 (S.D. W. Va. June 12, 2006) (citing <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000)). A prisoner that sues "with respect to prison conditions" pursuant to "any" federal law must first exhaust all available administrative remedies, as required under the Prisoner Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a); <u>see</u> <u>McGee v. Warden</u>, 487 F. App'x 516, 518 (11th Cir. 2012) (citing <u>Winck v. England</u>, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) ("[e]xhaustion of administrative remedies is jurisdictional when a petition for habeas corpus is brought pursuant to 28 U.S.C. § 2241 for release from federal prison) (internal quotations omitted)). Generally speaking, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006). Further, exhaustion must occur "prior to filing § 2241 petitions." <u>McClung v. Shearin</u>, 90 F. App'x 444, 445 (4th Cir. 2004). The Bureau of Prisons ("BOP") has set forth such remedies "by which an inmate in a federal prison may seek review of any aspect of imprisonment." <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986) (citing 28

4

C.F.R. § 542.10). In the § 2241 context, however, exhaustion is judicially imposed, meaning that courts at their discretion may waive such requirement when warranted. See Campbell v. Barron, 87 F. App'x 577 (6th Cir. 2004). Exceptions to the exhaustion requirement apply "only in extraordinary circumstances." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (internal citations omitted).

The magistrate judge properly points out, however, that the exhaustion requirement under the PLRA usually applies to civil actions regarding conditions of confinement. Here, the petitioner is challenging his convictions rather than confinement. Therefore, the exhaustion requirement remains within the discretion of this Court. Although this Court has discretion to waive the exhaustion requirement, the petitioner's case does not warrant it for two reasons. First, the petitioner did not attempt to exhaust his administrative remedies before he filed his petition. Second, the petitioner has not shown any futility in exhausting his administrative remedies. The petitioner bears the burden of demonstrating the futility of administrative review, and here he has failed to meet that burden. See, e.g., Gardner v. School Bd. Caddo Parish, 958 F.2d 108, 112 (5th Cir. 1992). Therefore, the petitioner's claim cannot proceed because he failed to exhaust his administrative remedies and because no exception should apply. Moreover, it is unclear whether petitioner objects to the finding that he failed to exhaust his administrative remedies. To the

5

extent that he does, the petitioner fails to demonstrate the futility of exhausting his administrative remedies. Thus, under the discretion possessed by this Court, the petitioner has failed to both exhaust his administrative remedies and demonstrate futility in attempting the same. Accordingly, for those reasons alone, the petitioner's petition should be dismissed and his objection to those findings overruled.

B.   Inapplicability of the Savings Clause

Notwithstanding that the petitioner failed to exhaust his administrative remedies, this Court also finds that "savings clause" does not apply. When a petitioner files a § 2241 petition that challenges a federal conviction or sentence, courts often construe that petition as a motion under § 2255. See, e.g., Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). However, a federal prisoner may seek relief under § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Under the savings clause, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5

(internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

This Court finds that the petitioner fails to establish the elements required by Jones. Specifically, 21 U.S.C. § 846, the substantive law under which the petitioner was convicted, has not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. The crimes petitioner was convicted of still remain criminal. Therefore, the petitioner cannot satisfy the second prong of the Jones test and his § 2241 petition must be denied insomuch as it challenges his conviction. Further, the Fourth Circuit has confined the use of the savings clause to "instances of actual innocence of the underlying offense of conviction, not just innocence of a sentencing factor." Petty v. O'Brien, No. 1:11CV9, 2012 WL 509852 at *2 (N.D. W. Va. Feb. 15, 2012) (quoting Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's

7

claim that he was actually innocent of being a career offender)). Accordingly, the petition must be dismissed.

In his objections, the petitioner appears to object to how the magistrate judge "construed" his argument as to the savings clause. He argues that "the § 2241 petition has from its inception principally advanced that Lockhart's actual innocence as relates to the federal § 846 offense and its being nonexistent offense are based upon the principles of federalism and the deviation and perversion of them by Congress's abandoning the traditional safeguards of the Constitution's Commerce Clause Powers." ECF No. 20. In essence, it appears that he believes his unlawful removal "usurped the State of Rhode Island's sovereignty." That argument, however, not only lacks merit but also fails to demonstrate his innocence. Therefore, the savings clause does not apply, and thus, his objection must be overruled.[2]

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 16) is AFFIRMED AND ADOPTED. Therefore, the respondent's motion to dismiss (ECF No. 8) is GRANTED, and the petitioner's motion for summary judgment (ECF No.

---

[2]This Court is aware that the petitioner filed a reply in support of his motion for summary judgment after the magistrate judge entered his report and recommendation. ECF No. 18. After reviewing the reply, this Court finds that the reply essentially reasserts his initial arguments, and therefore does not affect or alter this Court's ruling.

14) is DENIED. Accordingly, the petitioner's petition is DISMISSED WITH PREJUDICE and the petitioner's objections are OVERRULED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 11, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE